IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| TERRENCE GIBBS, #30947037, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 2:12cv128 |
| ERIC WILSON, | : | |
| Respondent. | : | |

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Terrence Gibbs, a federal inmate, was convicted in 1997 of conspiracy to distribute cocaine, bribery, and other offenses. He filed this habeas petition under 28 U.S.C. § 2241, seeking resentencing on the conspiracy charge for which he is currently serving a life sentence. His petition argues that changes which rendered the federal sentencing guidelines advisory rather than mandatory have rendered him "actually innocent of the life sentence imposed." (Petition, ECF No. 2 at 5). Because Gibbs' claim does not fall within the narrow range of habeas claims which may be brought by federal prisoners under the so-called "savings provision" of 28 U.S.C. § 2255, the undersigned recommends the Court dismiss the petition for lack of jurisdiction.

### I. STATEMENT OF THE CASE

Gibbs was convicted in the Eastern District of Pennsylvania of conspiracy to distribute cocaine, bribery of a public official, operating a continuing criminal enterprise, use of a telephone to facilitate a drug felony, and money laundering. He was sentenced to life in prison

1

on the conspiracy count and his conviction and sentence were affirmed by the Third Circuit. United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999). Of relevance here, the jury in Gibbs' 1997 trial did not make any findings with regard to the weight of drugs he was responsible for. The District Court instructed the jury that the Government need not prove the exact amount of drugs involved in order to find Gibbs guilty of conspiracy under 21 U.S.C. § 846 and 841(a)(1). United States v. Gibbs, 125 F. Supp. 2d 700, 702 (E.D. Pa. 2000). The jury found Gibbs guilty, and at sentencing the District Court heard additional testimony from two witnesses and found, by a preponderance of the evidence, that Gibbs was responsible for more than 150 kilograms of cocaine and 1.5 kilograms of crack cocaine. Id. Because the weight exceeded 5 kilograms of cocaine, Gibbs was sentenced to serve a life sentence under 18 U.S.C. § 841(b)(1)(A), which carried a sentence range of ten years to life in prison. Id.

In 2000, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000), holding that elements of an offense which increased the punishment beyond the prescribed statutory maximum must be presented to the jury and proved beyond a reasonable doubt. Id. at 490. Thereafter, Gibbs challenged his sentence under 28 U.S.C. § 2255, arguing that Apprendi should apply retroactively, and that the District Court's fact finding regarding the weight of drugs attributed to him rendered his life sentence unconstitutional. The District Court denied the motion, finding Apprendi did not apply retroactively and the Third Circuit affirmed. United States v. Gibbs, 125 F. Supp. 2d 700, 707 (E.D. Pa. 2000), aff'd, 77 F. App'x 107 (3d Cir. 2003).

In his present habeas petition under 28 U.S.C. § 2241, Gibbs again challenges his life sentence on the conspiracy charge. This time Gibbs argues – somewhat confusingly – that the change from a mandatory to an advisory sentencing guideline regime following the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005) brought about a substantive

change in the law rendering his life sentence unlawful. Because Booker – like Apprendi – is not applied retroactively on collateral review, Gibbs has argued that his challenge is not rooted in Booker's Sixth Amendment constitutional holding. Rather he argues he was sentenced under the pre-Booker mandatory sentencing regime, and that the Supreme Court's excision of 18 U.S.C. § 3553(b)(1) to render the guidelines constitutional, had the "collateral effect" of also invalidating his life sentence under 28 U.S.C. § 841(b)(1)(A). Recognizing that he would be procedurally barred from raising his claims in a successive motion under § 2255, he asserts that habeas relief under § 2241 is proper because the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

## II.  ANALYSIS

Habeas petitions filed by federal prisoners must ordinarily be filed under 28 U.S.C. § 2255 "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). Having once filed, however, Section 2255 prohibits successive petitions for relief. 28 U.S.C. § 2255(h). This gatekeeping provision enacted with the Antiterrorism Effective Death Penalty Act (AEDPA) limits successive petitions to those based upon 1) newly discovered evidence or 2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. United States v. Poole, 531 F.3d 263, 266 n.4 (4th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

Gibbs has already sought resentencing from the district of conviction using § 2255, and his petition does not allege any new evidence or new rule of constitutional law. As a result, he

3

has filed this action under § 2241 asserting that § 2255 is inadequate or ineffective to test the legality of his confinement. (Petition, ECF No. 1).

The Fourth Circuit has interpreted this so-called "savings clause" of § 2255 narrowly. Claims challenging the validity of a federal prisoner's conviction or sentence may be brought under § 2241 only when:

(1) At the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

(2) Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

United States v. Poole, 531 F.3d at 269 (quoting in re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Importantly, Fourth Circuit precedent limits the reach of the savings clause to those petitioners alleging "actual innocence of the underlying offense of conviction," and thus excludes sentencing challenges of the type Gibbs asserts. Darden v. Stevens, 426 F. App'x 173, 174 (4th Cir. 2011) (unpublished). While petitions under § 2241 may be used to challenge the execution of a federal sentence, United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) challenges to the validity of a federal sentence must fit within the Fourth Circuit's limited view of the savings clause articulated in in re Jones. Gibbs' challenge does not.

Gibbs apparently recognizes that § 2241 may not be used for sentencing challenges unless the "substantive law changed" after his § 2255 motion such that "the conduct of which [he] was convicted is deemed not to be criminal." Poole, 531 F.3d at 269. As a result, he has tried to frame his habeas challenge as an attack on the life sentence he claims was rendered unlawful by the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

4

According to this theory, Booker's "severance and excision of § 3553(b)(1)," which had the effect of making the guidelines advisory, also renders Gibbs not guilty of violating 841(b)(1)(A), which permitted his life sentence. It is this "collateral effect" of Booker, and not its constitutional underpinning, which Gibbs argues confers jurisdiction under § 2241.

Although Gibbs' argument is creative, it is ultimately unpersuasive. Applying the three part test described in In re Jones, Gibbs cannot satisfy the second element because there has been no change in the substantive law which rendered the conduct underlying his conspiracy conviction not criminal. As set out by the sentencing court in Gibbs' first motion under § 2255, there was ample evidence introduced at Gibbs' trial concerning his involvement in a wide-ranging drug conspiracy. Gibbs, 125 F. Supp. 2d at 706 (describing the evidence against Gibbs as "overwhelming"). Nor is there any new basis to challenge the evidence upon which the trial judge attributed a specific drug weight in excess of five kilograms to him at sentencing. See Gibbs 190 F.3d at 216-19 (describing Gibbs as a "ringleader" in the violent conspiracy and calling agents' testimony of drug weights "conservative in Gibbs' favor."). While Apprendi altered the procedure by which such facts must be established, it did not render Gibbs' conduct (conspiring to distribute large quantities of cocaine) non-criminal. Supreme Court decisions which affect "only the manner of determining the defendant's culpability are procedural," not substantive, and therefore ordinarily not applied retroactively on collateral review. Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (emphasis in original).

The conduct underlying Gibbs' conviction, namely conspiring to distribute more than five kilograms of cocaine, is not only still unlawful, it still carries a maximum sentence of life in prison. 21 U.S.C. § 841(b)(1)(A). Neither Apprendi nor Booker altered the substance of the crime for which Gibbs is now serving life in prison. Accordingly, Gibbs' claim does not fit

within the savings clause of § 2255 as interpreted by the Fourth Circuit, and he may not assert this challenge to the legality of his sentence under 28 U.S.C. § 2241. See Lightner v. Zych, No. 7:11cv534, 2011 WL 6010060 (W.D. Va. Nov. 30, 2011) (rejecting federal prisoner's claim under § 2241 that he was "actually innocent" of violating 841(b)(1)(A) based on statutory increase of drug quantities necessary to impose a life sentence).

### III. <u>RECOMMENDATION</u>

Because Gibbs' habeas petition does not allege a claim cognizable under 28 U.S.C. § 2241, the Court lacks jurisdiction to reach the merits of his claim. Accordingly, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and the petition for writ of habeas corpus under 28 U.S.C. § 2241 be DENIED.

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985);

Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

/s/  
Douglas E. Miller  
United States Magistrate Judge  

DOUGLAS E. MILLER  
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 6, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Terrence Gibbs
#30947037
F.C.C. Petersburg Medium
Inmate Mail/Parcels
P.O. Box 1000
Petersburg, VA 23804

Joel Eric Wilson
United States Attorney Office
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

11/6, 2012